IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dillon Burckhalter Bethea, ) | Civil Action No.: 2:19-350-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Dillon Burckhalter Bethea's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court sustains Plaintiff's objections and remands this matter to the Commissioner for further proceedings as set forth below.

**BACKGROUND**

Plaintiff initially filed an application for DIB on September 9, 2013, alleging a disability onset date of May 14, 2012. He was 30 years old on his date last insured, September 30, 2015. Plaintiff initially claimed disability due to kidney disease, chronic joint

pain, chronic kidney stone disease, chronic pain in multiple joints, chronic urinary infection, depression, kidney damage, and medication side effects. Plaintiff has at least a high school education and past relevant work as an HVAC mechanic.

Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on July 28, 2017. On November 14, 2017, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on February 6, 2019.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.  Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.  The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity durign the period from his alleged onset date of May 13, 2012, through his date last insured of September 30, 2015.  Next, the ALJ determined that Plaintiff had the following severe impairments: chronic kidney disease with recurrent kidney stones and chronic prostatitis; arthralgias of the bilateral knees, bilateral shoulders, and back; chronic pain syndrome; chronic fatigue syndrome; affective disorder; and anxiety disorder.  The ALJ

found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) except for the following: no lifting, no carrying, pushing, or pulling over 10 pounds occasionally and less than 10 pounds frequently; no standing or walking over two hours during an eight-hour workday; no sitting over six hours during an eight-hour workday; no walking on uneven terrain; no more than occasional bilateral lower extremity foot controls; no more than occasional stooping, kneeling, crouching, crawling, balancing, or climbing of ramps or stairs; no climbing of ladders, ropes, or scaffolds; no operating a motor vehicle; no more than occasional exposure to hazards such as unprotected heights and moving mechanical parts; only indoor work, in a temperature controlled environment; only simple, routine, and repetitive tasks and simple work-related decisions but with the ability to maintain concentration, persistence, and pace for periods of two hours, perform activities within a schedule, maintain regular attendance, and complete a normal workday and work week, except for an allowance to be absent one day per month; no more than frequent interaction with the general public; no more than frequent close "team-type" interaction with co-workers; and the ability to tolerate no more than occasional changes in a routine work setting.  The ALJ found that Plaintiff was unable to perform his past relevant work but that considering his age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff could have performed.  Accordingly, the ALJ found that Plaintiff was not under a disability at any time from the alleged onset date through the date last insured.  disabled from the alleged onset date

through the date last insured.

## II.     This Court's Review

In this action, Plaintiff asserts that the ALJ failed to properly explain the residual functional capacity ("RFC") as required by 20 C.F.R. § 404.1545 and Social Security Ruling 96-8p. Specifically, Plaintiff contends that the ALJ failed to properly account for Plaintiff's repeated issues with kidney stones, and that the ALJ failed to explain the impact of Plaintiff's chronic pain and chronic fatigue syndrome on the RFC determination.

The Magistrate Judge first considered Plaintiff's claim that the ALJ presented a misleading account of the record by failing to address certain treatment notes regarding Plaintiff's chronic kidney stones. The Magistrate Judge found no merit to Plaintiff's claim and determined that the ALJ considered the evidence pertaining to Plaintiff's chronic kidney disease in detail by discussing treatment notes from Plaintiff's doctors from January 26, 2011, to mid-2012, and ongoing treatment notes up to January 3, 2014. Accordingly, the Magistrate Judge found no basis to conclude that the ALJ ignored two years of treatment records as Plaintiff contends. Instead, the Magistrate Judge found that the ALJ properly considered the medical evidence related to Plaintiff's kidney stones and that the ALJ did not err in his assessment of Plaintiff's limitations caused by chronic kidney stones.

Next, the Magistrate Judge considered Plaintiff's claim that the ALJ failed to explain the impact of Plaintiff's chronic pain and chronic fatigue syndrome on his ability to work. The Magistrate Judge again found no merit to Plaintiff's claim and found that the ALJ complied with Social Security Ruling 16-3p. The Magistrate Judge determined that the ALJ adequately summarized the medical evidence supporting his finding that Plaintiff could perform a range of sedentary exertion, and the Magistrate Judge noted that the ALJ

thoroughly explained why he believed Plaintiff's activities of daily living did not support any significant limitations based on Plaintiff's alleged mental impairments, including chronic fatigue syndrome. Ultimately, the Magistrate Judge found that substantial evidence supports the ALJ's consideration of Plaintiff's subjective testimony and Plaintiff's chronic pain and chronic fatigue syndrome.

Plaintiff filed lengthy objections to the Magistrate Judge's Report, asserting that the Magistrate Judge erred in finding that the ALJ properly considered the subjective testimony, the objective medical evidence, and the opinion evidence regarding Plaintiff's kidney stones.
Plaintiff asserts that although the ALJ and Magistrate Judge refer to medical records showing "mild limitations" and indicating that Plaintiff's condition is stable and maintained with conservative care and treatment, this does not accurately reflect the totality of the record, and Plaintiff asserts that the ALJ only discusses a few medical visits when Plaintiff was not experiencing severe symptoms but ignores the multiple other medical visits when Plaintiff was experiencing severe symptoms. In support of his objection, Plaintiff outlines numerous pages of medical records from May of 2012 through December of 2015, representing almost fifty different occasions when Plaintiff was experiencing pain and severe symptoms related to his chronic kidney stones, and Plaintiff asserts that, although the substantial evidence standard is forgiving, it does not permit the ALJ to ignore a large portion of Plaintiff's medical records.

After a thorough review of Plaintiff's objections and the record as a whole, the Court agrees with Plaintiff and finds that it is not possible to determine whether substantial evidence supports the ALJ's consideration of Plaintiff's chronic kidney stones. This is

because the ALJ's decision relies on a few medical records showing only mild limitations but does not otherwise address the *numerous* other medical records referenced by Plaintiff in his objections, which show repeated complaints of severe symptoms caused by Plaintiff's chronic kidney stones.  Additionally, the ALJ's decision does not offer any explanation of how the intermittent nature of Plaintiff's chronic kidney stones would affect Plaintiff's functioning.  While the Commissioner is correct that the ALJ is not required to discuss every piece of evidence, it is likewise true that the ALJ cannot consider only the evidence that is helpful to his decision while overlooking contradictory evidence.  In other words, although the Court's job is not to re-weigh the evidence, it does not appear that the ALJ ever weighed the contradictory evidence in the first instance; and without an explanation of the reasons for overlooking and/or discounting the contradictory evidence referenced by Plaintiff, the ALJ has not fully explained his reasoning based on the entire record, leaving the Court unable to conclude whether substantial evidence supports the ALJ's findings as it relates to Plaintiff's chronic kidney stones.  Accordingly, the Court declines to adopt the portion of the Magistrate Judge's Report addressing the ALJ's consideration of Plaintiff's kidney stones, and the Court remands this matter to the Commissioner for further proceedings and additional consideration of this issue.

Lastly, the Court notes that Plaintiff does not object to the Magistrate Judge's finding that the ALJ properly considered and explained the impact of Plaintiff's chronic pain and chronic fatigue syndrome on his ability to work.  Absent a specific objection, the Court reviews the matter only for clear error.  After review, the Court finds no clear error on this issue, and the Court therefore adopts the portion of the Magistrate Judge's Report addressing the ALJ's consideration of Plaintiff's chronic pain and chronic fatigue syndrome.

**CONCLUSION**

Based on the foregoing, the Court sustains Plaintiff's objections (ECF No. 18), and the Court adopts in part and overrules in part the Magistrate Judge's Report (ECF No. 17). Specifically, the Court adopts the portion of the Magistrate Judge's Report addressing the ALJ's consideration of Plaintiff's chronic fatigue syndrome and chronic pain, but the Court declines to adopt the portion of the Magistrate Judge's Report addressing the ALJ's consideration of Plaintiff's chronic kidney stones. As explained above, the Court cannot discern whether substantial evidence supports the ALJ's consideration of Plaintiff's kidney stones because the ALJ's decision does not adequately address large swaths of the medical records relevant to this issue or explain any reason(s) for discounting these records. Because the Court cannot determine whether substantial evidence supports the ALJ's decision as it currently stands, the Court remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 17, 2020
Charleston, South Carolina

9